UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>SESODE LLC,<br><br>　　　　　　　Defendant. | Case No.: 25cv0676-LL-MMP<br><br>**ORDER DECLINING SUPPLEMENTAL JURISDICTION** |

Plaintiff Theresa Brooke, who uses a wheelchair to ambulate, seeks injunctive relief for Defendant Sesode LLC's alleged violations under the Americans with Disabilities Act and California's Unruh Civil Rights Act. *See* ECF No. 1 ("Compl."). Plaintiff also seeks damages under the Unruh Act. *See id*. Her core grievance is that "Defendant's hotel does not have a compliant access aisle at the passenger loading zone adjacent to the hotel lobby." Compl. ¶ 7. The Court ordered Plaintiff to show why supplemental jurisdiction over her Unruh claim is proper, and she timely responded. ECF Nos. 3, 4. For the reasons below, the Court **DECLINES** to exercise supplemental jurisdiction over the Unruh claim.

I. **LEGAL STANDARD**

Federal courts *may* exercise supplemental jurisdiction over claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.

§ 1367(a). Even if such a related claim exists, declining supplemental jurisdiction is appropriate when (1) it raises a "novel or complex" issue of state law, (2) it "substantially predominates" over the original claims, (3) the court has "dismissed" all original claims, or (4) other "exceptional circumstances" and "compelling reasons." *Id*. § 1367(c). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.' " *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

## II. DISCUSSION

The ADA permits a plaintiff to seek "injunctive relief," not damages. *See* 42 U.S.C. § 12188(a). By contrast, the Unruh Act permits a prevailing plaintiff to recover injunctive relief and at least "$4,000" in damages. *See* Cal. Civ. Code § 52(a). The ADA and Unruh Act otherwise have identical "substantive rules." *See Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021). Because the "sole remedy under the ADA is injunctive relief, which is also available under the Unruh Act," there is no advantage to "being in federal court" other than "avoiding state-imposed pleading requirements." *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017).

To explain, in an effort to deter baseless and vexatious litigation, California enacted heightened pleading requirements for "a construction-related accessibility claim" under the Unruh Act. *See* Cal. Civ. Proc. Code § 425.50. California also imposed an additional "$1,000" filing fee for any "high-frequency litigant," defined as a "plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint" alleging the same. *See* Cal. Gov't Code § 70616.5; Cal. Civ. Proc. Code § 425.55(b)(1). This extra work and money to draft and file an adequate complaint only applies in California state court. To avoid this, plaintiffs and their attorneys have flooded district courts with Unruh state claims paired with ADA claims to serve as the federal-jurisdiction foothold. *See Arroyo*, 19 F.4th at 1207 (noting that the annual number of ADA cases filed in one district court "jumped"

1  from 419 to 2,720 cases a year, 3 to 22 percent of its entire civil docket, after this change).

2  Here, Plaintiff has filed over 200 construction-related accessibility cases in this district since 2015, with more than 50 filed in the last year, making her a high-frequency litigant. California has a substantial interest in protecting its citizens and businesses from abusive litigation and in preventing its own laws from unjust circumvention. This is, after all, why California's Legislature enacted changes to those seeking relief under the Unruh Act. The Legislature found some plaintiffs' attorneys abused the Act by targeting "small businesses on the basis of boilerplate complaints" to pursue "quick cash settlements rather than correction of the accessibility violation." Cal. Civ. Proc. Code § 425.55(a)(2). This practice also "unfairly taints the reputation of other innocent disabled consumers." *Id*. Therefore, the Court finds that the interests of comity and fairness disfavor supplemental jurisdiction over Plaintiff's Unruh claim. *See Schutza*, 262 F. Supp. 3d at 1031 ("As a high-frequency litigant primarily seeking relief under state law, the Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim.").

Plaintiff's actions constitute forum shopping, too, which is another reason to decline jurisdiction. *See id.* ("Plaintiff is engaging in forum-shopping by bringing his action in federal court and attempting to avoid California's heightened pleading requirements for disability discrimination claims."); *Org. for the Advancement of Minorities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1132 (S.D. Cal. 2005) ("Because a legitimate function of the federal courts is to discourage forum shopping and California courts should interpret California law, the Court finds that compelling reasons exist to decline supplemental jurisdiction over plaintiffs' state law claims.").

Finally, courts routinely decline supplemental jurisdiction over Unruh claims after finding they "substantially predominate" over ADA claims. *See, e.g.*, *Rutherford v. Ara Lebanese Grill*, 2019 WL 1057919, at *3–4 (S.D. Cal. Mar. 6, 2019) (listing cases).

This Court finds the same. Plaintiff and her out-of-state attorney are primarily seeking quick cash settlements rather than correction of any accessibility violations, a more or less shakedown that they seek to obtain through bargaining in the shadow of the Unruh Act.

For all these reasons, declining supplemental jurisdiction over Plaintiff's Unruh claim is exceedingly appropriate. And nothing in Plaintiff's boilerplate response to the Court's Order to Show Cause credibly suggests otherwise. *See generally* ECF No. 4.

### III. CONCLUSION

Accordingly, the Court **DECLINES** to exercise supplemental jurisdiction over the Unruh claim, which is now dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: April 14, 2025

_____
Honorable Linda Lopez
United States District Judge